IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

DEMETRIA BOOKER,

        Plaintiff,

v.

THE COUNTY OF VAN BUREN,

        Defendant.
_____/

Hon. ---

Case No. 1:25-cv-

James Shek (P37444)
Attorney for Plaintiff
Post Office Box A
Allegan, MI 49010
269-673-6125
jshekesq@btc-bci.com

Ronald W. Ryan (P46590)
Attorney for Plaintiff
Lewis, Reed & Allen, P.C.
136 E. Michigan Ave.
Kalamazoo, MI 49007
269-388-7600
rryan@lewisreedallen.com

## PLAINTIFF'S COMPLAINT

### THE PARTIES

1.    Plaintiff Demetria Booker is a resident of the State of Indiana, therein now residing at 1812 11th St., Elkhart, Indiana.

2.    Defendant Van Buren County by its Board of Commissioners is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan which has opted to and is therefore designated within MCL 211.78, MCL 211.78a - 211.78t to be a "foreclosing governmental unit" through its elected Treasurer for the purposes of

1

implementing the statutory scheme set forth therein to foreclose upon and sell real property for non-payment of real property taxes.

3. The Treasurer of Van Buren County is the Official responsible for implementing the statutory scheme set forth within MCL 211.78a, MCL 211.78a – 78t to foreclose upon and sell real property for non-payment of real property taxes and is, pursuant to MCL 211.78 (a)(i) the "foreclosing governmental unit" ("FGU") for Defendant Van Buren County.

## THE SUBJECT MATTER

4. Plaintiff repeat, reallege and incorporate by reference paragraphs 1 through 3 above.

5. The general subject matter of this action is the Michigan statutory scheme for the collection of unpaid and delinquent real property taxes through the real property forfeiture and foreclosure statutory process set forth within those amendments to the Michigan General Property Tax Act ("GPTA") originally contained within Act No. 123, of 1999, being MCL 211.78 - 211.78a-p, as amended (" Tax Collection Statute").

6. The specific subject matter of this action includes, but may not be limited to, the following statutory provisions set forth therein:

> (i) MCL 211.78k which, inter alia, requires that a property tax foreclosure judgment provides that fee simple title to property foreclosed vests absolutely in the foreclosing governmental unit unless redemption is affected by the March 31 following the date of the entry of the tax foreclosure judgment; and,
>
> (ii) MCL 211.78m which allows a foreclosing governmental unit to sell foreclosed real property at auction in the manner(s) set forth

therein, and,

(iii)    MCL 211.78t (1) & (2) which ostensibly allows the FGU to retain for its own uses as specified within the Tax Collection Statute all surplus auction proceeds ("Surplus Proceeds") obtained at auction sale in excess of the "minimum bid" after satisfying all delinquent taxes, interest, penalties, fees and pro-rata estimated expense of administering the sale of the property at auction unless the former tax foreclosed property owner serves upon the FGU between April 1 and July 1 of the year of entry of the tax foreclosure judgment a ". . . notice of intention to claim an interest in any applicable remaining proceeds from the transfer or sale of foreclosed property under section 78m . . ."; and,

(iv).    MCL 211.78t (4) (6) (7) (8) (9) & (12) which ostensibly allows a former tax foreclosed property owner to file with the Circuit Court which entered the tax foreclosure judgment a "Motion" for the disgorgement of Surplus Proceeds beginning February 1 and ending May 15 of the year following the tax foreclosure auction only if the aforesaid "notice of intention to claim" form was filed by the July 1 immediately prior to the tax foreclosure auction and, even if said 'notice of intention' form was filed, allows the Treasurer to retain for its own use and not disgorge to the former tax foreclosed property owner interest upon the surplus proceeds arising at auction sale and, in addition thereto, allows the Treasurer also to subtract from, retain for its own use and not disgorge to the former tax foreclosed property owner ". . .[a] sales commission

3

payable to the foreclosing governmental unit equal to 5% of the amount paid to the foreclosing governmental unit for the property."

## PLAINTIFF'S STANDING

7. Plaintiff repeat, reallege and incorporate herein paragraphs 1 through 6 above.

8. Plaintiff has constitutional and prudential standing under Article III of the United States Constitution to pursue the claim(s) set forth herein because she has suffered an actual injury in fact with respect to which there is a likelihood that said injury will be redressed by a favorable decision rendered by the Court herein, which injury, as herein detailed, resulted from and was proximately caused by Defendant's conduct, said injury and conduct including:

(i) By Quit Claim Deed dated February 24, 2005 duly recorded at the Office of the Register of Deeds for the County of Van Buren Plaintiff was vested with fee simple title to and thereafter, paid real property taxes thereon and owned in fee simple for decades, until March 31, 2022, that real property located in the County of Van Buren State of Michigan legally described upon attached hereto and incorporated herein, (the "Property"), which Property is commonly known as 21680 M 140 Hwy, South Haven Twp, Michigan and bears Tax Parcel I.D. No. of 80-17-084-044-00.

(ii) In consequence of the non-payment of 2019 real property taxes due upon the Property on March 31, 2022 pursuant to Foreclosure Judgment of the Van Buren County Circuit Court then pursuant to the aforesaid Tax Collection Statute, Van Buren County Defendant was, by its putative terms, vested absolutely with good and marketable title to the Plaintiff's Property and Plaintiff was divested of the same by Defendant; and,

4

(iii)    Under the auspices of MCL 211.78m, on August 18, 2022, the Property was offered for sale at public foreclosure auction by Defendant for the "minimum bid", being "all delinquent taxes, interest, penalties and fees due on the property. . .[and]. . ."expenses of administering the sale, including all preparations for the sale. . ." of $12,028.56: and,

(iv)    On August 18, 2022, Defendant Van Buren County sold the Property Parcel at public auction for the sum of $25,750; and,

(v)    The Surplus Proceeds arising from the foreclosure sale of the Property to wit, $13,721.44 is personalty, constitute the Plaintiff's equity in the Property, and reflect Plaintiff's original investment therein and ongoing investments of monies including improvements, repairs and decades of payment of real property taxes, and are in law, equity and in fact owned by the Plaintiff; and,

(vii)    Plaintiff injuries in being deprived of the Surplus Proceeds of the sale of their Property without just compensation as required by the 5th Amendment of the U.S. Constitution can be remedied and redressed by this Court through its Judgment granting of the relief hereinafter requested.

**JURISDICTION AND VENUE**

9. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 8 above.

10. This Honorable Court has subject matter jurisdiction of this action as the federal claim(s) in this Complaint arise under the Fifth and Fourteenth Amendments to the United States Constitution and, as a result thereof, jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331.

11. This Honorable Court's jurisdiction in this matter is not disabled by the Pullman Abstention Doctrine (*Railroad Commissioner v Pullman,* 312 U.S. 496 (1941)) for reasons which include, but are not limited to, the fact that the claims made in this Complaint do not touch upon a sensitive area of state social policy however, to the extent that tax collection statutes can be considered a sensitive area of state social policy the surplus proceeds equitably and legally owned by Plaintiff are not tax proceeds and there is no alternative to this Court's exercise of its federal question jurisdiction as through the ostensible language of the Tax Collection Statute the State of Michigan, the Defendant Van Buren County, have made certain, albeit incorrectly, their position that it can constitutionally take for public use Plaintiff's personalty, equity and surplus proceeds without providing just compensation.

12. This Honorable Court's jurisdiction in this matter is not disabled by the Rooker-Feldman Abstention Doctrine (*Rooker v Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v Feldman,* 460 U.S. 413 (1923)) for reasons which include, but are not limited to, the facts that, (1) this action can not in any manner be described as the functional equivalent of an appeal of that Final Judgment of Foreclosure by the Van Buren County Circuit Court as to Plaintiff's Property, and (2) the claims and issues asserted herein could not be asserted in the Foreclosure proceedings, are not required to be included within the specifications

required to be made in the Final Judgment below pursuant to MCL 211.78(k)(5), would then not be included on the record of the proceedings in the circuit court and, therefore, since an appeal of the Final Judgment pursuant to MCL 211.78k(7) is limited to the record, and not de novo, could not be reviewed by the Court of Appeals.

13.  This Honorable Court's jurisdiction in this action is not barred by the 11th Amendment to the United States Constitution and Defendant are not immune from suit thereunder for reasons which include, but are not limited to the facts that, (1) the principal claim in this action is predicated upon the Takings Clause of the Fifth Amendment to the United States Constitution made applicable to the states pursuant to the Fourteenth Amendment which was ratified by the State of Michigan and allows Congress to enforce the same by appropriate legislation pursuant to which it enacted 42 U.S.C. §1983, allowing an action against a state or its political subdivisions seeking just compensation for a taking per se or damages for failure to provide just compensation following an unconstitutional taking (cf. *Monterey v Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687 (1999); takings claim under Section 1983 sounds in tort and is within jury guarantee of Seventh Amendment) and, (2) the Defendant foreclosing governmental unit is a county and, therefore a "municipality" which is liable under 42 U.S.C. § 1983 where its own policies, as here, result in the taking of Plaintiff's property without providing them just compensation in violation of the Fifth Amendment, made applicable to the states and its subdivisions through the Fourteenth Amendment.

14.  Venue of this action is properly laid in the United States District Court for the Western District of Michigan, as Van Buren County, Michigan is within its geographical jurisdiction.

## COUNT I

## POST TAKING CLAIM FOR JUST COMPENSATION UNDER

## THE FIFTH AMENDMENT

15. Plaintiff repeats, realleges, and incorporates herein by reference paragraphs 1 through 14 above.

16. The Fifth Amendment to the United States Constitution provides, in part material hereto, that ". . . nor shall private property be taken for public use, without just compensation" , U.S. Const., Amend. V, said constitutional prohibition being known in colloquial vernacular and jurisprudentially as the "Takings Clause" of the United States Constitution.

17. The Takings Clause is applicable to all States of the United States of America, and by extension their subdivisions, instrumentalities, and departments, including Defendant Van Buren County. See, e.g., *Chicago, B&Q R Co v Chicago,* 166 U.S. 226 (1897) and *Palazzolo v Rhode Island,* 553 U.S. 606 (2001).

18. " . . .[T]he purpose of the of the Takings Clause is to prevent the government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Palazzolo,* supra at 618.

19. A legislature cannot constitutionally enact a law that it calls a tax statute which on its face effects the taking of private property without just compensation. *Cf. Acker v Commissioner of Internal Revenue,* 258 F. 2d 568 (6th Cir., 1958), *aff'd* 361 U.S. 87 (1959).

20. The common law of the State of Michigan recognizes the existence of Plaintiff's property interest in the Surplus Proceeds arising from the tax foreclosure auction sale of their Property, as determined by the Michigan Supreme Court's opinion in in *Rafaeli v Oakland Co.,*

505 Mich 429, 473; 952 NW 2d 434 (2020), which stated, *inter alia*, that: "It is clear that our 1963 Constitution protects a former owner's property right to collect the surplus proceeds following a tax-foreclosure sale under Article 10, § 2. This right existed at common law; was commonly understood to exist in the common law before the 1963 ratification of our Constitution; and continues to exist after 1963, as our decision in *Dean* demonstrates."

21. A property interest protected by the Takings Clause "is determined by reference to existing rules or understandings that stem from an independent source such as state law." *Phillips v. Washington Legal Foundation,* 524 U.S. 156, 165 (1998).

22. "But the Takings Clause would be a dead letter if a state could simply exclude from its definition of property any interest that the state wished to take. To the contrary, rather, "a State may not sidestep the Takings Clause by disavowing traditional property interests long recognized under state law." *Id.* at 167. . . " a State, by *ipse dixit*, may not transform private property into public property without just compensation." *Hall v Meisner,* 51 F.4th. 185 (6th Cir. 2022) (Kethledge, J) (citations omitted).

23. The existence of the 5743 Form filing requirement is an unconstitutional attempt to transform Plaintiff's property interests to the Surplus Proceeds into public property without just compensation.

24. In the taking of absolute title to Plaintiff's Property by Defendant Van Buren County took Plaintiff's equitable titles in strict foreclosure without public foreclosure sale and without payment to Plaintiff of just compensation for the value of their title, being a taking of private property for public use without just compensation in violation of the Takings Clause of the 5th Amendment to the United States Constitution.

25.     Defendant Van Buren County physically took Plaintiff's Property and physically took, now possess, and refused to tender and deliver to Plaintiff her Surplus Proceeds.

26.     Plaintiff's claims herein ,including but not limited to under the Takings Clause of the 5th Amendment to the United States Constitution through 42 U.S.C. §1983 are mature and ripe.

27.     By means of the premises Plaintiff suffered great and material damages and the Takings Clause requires Defendant Van Buren County to pay Plaintiff money damages tantamount to and consisting of just compensation for the taking(s) of their private property for public use in the amount of 13721.44 together with interest thereon.

28.     In material part 28 U.S.C. §  2201(a) provides, that "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

WHEREFORE, Plaintiff respectfully requests this Honorable Court issue its declaratory judgment declaring and adjudging that the Defendant retention, use and takings of the Surplus Proceeds constitute a taking of private property for public use without just compensation in violation of the Fifth Amendment to the United States Constitution and, further, Plaintiff demands judgment against Defendant in that amount of just compensation for said takings equal to the amount of Surplus Proceeds, together with interest thereon from the date of the Foreclosure Judgment, costs and attorney fees.

### COUNT II

## 42 U.S.C. §1983 LIABILITY FOR TAKING OF PRIVATE PROPERTY FOR PUBLIC USE WITHOUT JUST COMPENSATION

29. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 28 above.

30. Plaintiff's constitutional right to just compensation when Defendant Van Buren County took their private property for public purposes is a fundamental right deeply rooted in this country's legal traditions and central to the concept of ordered liberty.

31. By taking Plaintiff's private property for public purposes without just compensation as aforesaid Defendant have deprived Plaintiff of that fundamental right.

32. 42 U.S.C. § 1983 provides that,

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. (R.S. §1979; Pub. L. 96–170, §1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, §309(c), Oct. 19, 1996, 110 Stat. 3853.)

33. It is the policy and custom of Defendant to use for public purposes and not deliver or tender to Plaintiff their private property, being said Surplus Proceeds, taken from them without just compensation when no 5743 Form is filed between April 1 and July 1 of the year of entry of the judgment of tax foreclosure and before a tax foreclosure auction occurring under the auspices of the Tax Collection Statute following the July 1 of the auction year and, even if Plaintiff could successfully file a Surplus Proceeds disgorgement Motion under the terms of MCL 211.78t it is the policy and custom of Defendant to deprive Plaintiff of pre-judgment interest upon their Surplus Proceeds and remove, and not pay to Plaintiff, from said Surplus Proceeds and retain 5 percent upon the full auction sale price, (including the minimum bid in delinquent taxes and penalties and 5 percent).

34. Defendant is a person under 42 U.S.C. §1983.

35. By means of the premises Plaintiff has suffered great and material damages proximately caused by Defendant and pursuant to 42 U.S.C. §1983 Defendant Van Buren County is liable to pay Plaintiff money damages for her injuries so suffered by the taking of her Surplus Proceeds without just compensation.

WHEREFORE, Plaintiff demands judgment against Defendant Van Buren County for the principal amount in Surplus Proceeds of $13,721.44 she is found to be entitled to compensate her for her injuries, together with costs, interest and reasonable attorney fees as allowed by 42 U.S.C. §1988.

## COUNT III

### MICH. CONST. 1963, ARTICLE X, SECTION 2

## INVERSE CONDEMNATION

36. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 35 above.

37. In material part 28 U.S.C. §1367 (a) provides, that " . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

38. Mich. Const. 1963, Article X, Sec. 2 provides " Private property shall not be taken for public use without just compensation therefore being first made or secured in a manner prescribed by law.  Compensation shall be determined in proceedings in a court of record."

39. Michigan Uniform Condemnation Procedures Act.,  MCL 213.51 et. seq. ("Condemnation Act") sets forth procedures pursuant to which a governmental unit, officer or subdivision must follow to condemn or take private property for public use and establish the just compensation determined in a court of record therefor required to be paid pursuant to Mich. Const. 1963, Art. X, Sec. 2.

40. Acting in the manners aforesaid the Defendant has taken Plaintiff's private property, to wit, said Surplus Proceeds, for public use without following any procedure whatsoever required by the Condemnation Act and without paying any just compensation thereunder required and determined and required also by Art. X. Sec. 2.

41. MCL 211.78t does not prescribe by law any procedure or mechanism to first make or secure to Plaintiff just compensation to be paid by Defendant for the taking of Plaintiff's

Property and tax foreclosure auction Surplus Proceeds before the taking of the same for public use by Defendant.

42. MCL 211.78t allows, and allowed the Defendant to take Plaintiff's private property for public use without first making or securing just compensation to be paid therefore in manners including, but not limited to:

    a. Taking Plaintiff's Property and equitable title for public use by strict foreclosure without public foreclosure sale and without payment first to Plaintiff for the value of the Property and title; and,

    b. Ostensibly preventing Plaintiff's from filing a Motion for disgorgement of the Surplus Proceeds following the property tax foreclosure auction of the Property creating the Surplus Proceeds secured and protected by Michigan's common law and Art. 10, Sec. 2 of the Michigan Constitution unless before said tax foreclosure auction during that period beginning April 1 and ending July 1 of the auction year after the effective date of the foreclosure judgment Plaintiff first filed a Form 5743 Notice of Intention Form; and,

    c. Even if Plaintiff filed said Form 5743 and could successfully file a disgorgement Motion under the terms of MCL 211.78t, prohibiting Plaintiff from obtaining just compensation in the form of pre-judgment interest upon their Surplus Proceeds and allowing Defendant to remove from said Surplus Proceeds and retain 5 percent (upon the full auction sale price, including $12028.56 in delinquent taxes and penalties and 5 percent which Plaintiff could not recover under 78t), being the sum of $686.072; and,

    d. Preventing a court of record from determining in proceedings before it just compensation for the taking of Plaintiff's Surplus Proceeds by limiting a Circuit Court to order the return only "remaining proceeds or "applicable remaining proceeds" not

including interest and statutorily ordaining that "[t]he court shall require payment to the foreclosing governmental unit of a sale commission equal to 5% of the amount for which the property was sold by the foreclosing governmental unit." MCL 211.78t (9).

43. Acting in the manners aforesaid the Defendant has taken Plaintiff's private property, to wit, said Surplus Proceeds, for public use without following any procedure whatsoever required by the Condemnation Act and without paying any just compensation thereunder required and determined and required also by Art. X. Sec. 2.

44. By means of the premises and acting as aforesaid Defendant has affected a de facto taking of Plaintiff's Surplus Proceeds without payment to Plaintiff of just compensation.

45. Acting as the aforesaid Defendant has proximately caused Plaintiff's damages equivalent to the Surplus Proceeds taken, together with interest, costs and attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendant Van Buren County for the principal amount in Surplus Proceeds of $13,721.44 she is found to be entitled to compensate her for her injuries, together with costs, interest and reasonable attorney fees as allowed by law.

## COUNT IV

## UNJUST ENRICHMENT

46. Plaintiff repeat, reallege and incorporate herein by reference paragraphs 1 through 45 above.

47. Defendant Van Buren County has received a wind fall, also being a *benefit*, from its property tax foreclosure auction of Plaintiff's property in the amount of $13721.44 in auction proceeds in excess of the $12028.56 minimum bid in delinquent taxes, interests, penalties and costs due from Plaintiff on the date of the auction.

49. With respect to the delinquent payment of taxes due upon the Property for 2019 and thereafter in arrears Plaintiff has no unclean hands.

50. In any event, " Plaintiff's failure to pay property taxes, however, does not preclude him from making an equitable claim to the surplus after the foreclosure sale." *Grainger v. County of Ottawa,* U.S. District Court, Western District of Michigan, Opinion and Order 03/02/2021, Case No. 1:19-cv-501, ECF No. 127, Hon. Paul L. Maloney.

51. Defendant retention of Plaintiff's Surplus Proceeds in any amount, and certainly in the principal amount of $13,721.44, is an incredulous unjustifiable inequity.

52. Defendant's retention of Plaintiff's Surplus Proceed in any amount, and certainly in the principal amount of $13,721.44 unjustly enriches Defendant at the significant *prima facie* life altering detriment of Plaintiff and cannot be countenanced by Michigan law. See *Rafaeli, supra* and *Dean v. Department of Natural Resources,* 399 Mich 84, 247 NW2d 876 (1976).

WHEREFORE, Plaintiff demands judgment against Defendant Van Buren County for the principal amount in Surplus Proceeds of $13,721.44 she is found to be entitled to compensate her for her injuries, together with costs, interest and reasonable attorney fees as allowed by law.

Respectfully Submitted,

/s/____Ronald W. Ryan____　　　　　　　/s/　James Shek_____
Ronald W. Ryan (P46590)　　　　　　　　James Shek (P37444)
Lewis Reed & Allen, PC　　　　　　　　　Attorney for Plaintiff
Attorney for Plaintiff　　　　　　　　　　　P.O. Box A
136 E. Michigan Ave., Ste. 800　　　　　　Allegan, MI 49010
Kalamazoo, MI 49007　　　　　　　　　　269-673-6125
rryan@lewisreedallen.com　　　　　　　　jshekesq@btc-bci.com